UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIE K. HENDERSON,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF MPLS CONVENTION CENTER,<br>CHAD LEVERSON, GREG LANGFORD,<br>CHERYL ARNET, CARRIE<br>VANDERMOOT, DON PERRY,<br>JACK BARR and THE REST OF<br>PRODUCTION STAFF,<br><br>     Defendants. | Civil No. 07-3538 (JNE/JJG)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

"I (Henderson, Willie K) was told by Mr. Greg Langford that if I want to go play game then use my sick & vacation time to go and serve my country 134th FSB Bravo Company.

I've been harrassed [sic] everyday since Kirsti curry of 03 Paula Anderson 04 05 Now Cheryl 06 07 I tell the supervisor he says hold that thougt [sic] and said don't worry about it.

I want the brought to Justice."

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal remedy against the named defendant(s) under some colorable legal theory.  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

Plaintiff's current complaint is fatally defective, because it does not contain any comprehensible factual allegations, and there is no reference to any legal principle or theory that could support any actionable claim.  The complaint does not describe any acts or omissions attributable to any Defendant that could cause any Defendant to be liable to Plaintiff under any legal theory.  (In fact, most of the Defendants listed in the caption of the complaint are never even mentioned anywhere else in the complaint.) Plaintiff has not described what, specifically, any of the Defendants allegedly did (or failed to do), and he has not identified any legal grounds for his lawsuit.  Furthermore, Plaintiff's complaint does not describe any compensable injury that he has suffered, (or will suffer), and it does not describe what, (if any), relief he is seeking.

Thus, the Court finds that, even with the benefit of liberal construction, Plaintiff's complaint fails to state a cause of action on which relief can be granted. Because Plaintiff has failed to plead any actionable claim for relief, the Court will recommend that his IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 3, 2007         s/Jeanne J. Graham
                              _____
                              JEANNE J. GRAHAM
                              United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 22, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.